UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAURIE DANIEL                                    CIVIL ACTION

VERSUS                                           NO. 15-3628

U.S. DEPARTMENT OF                               MAGISTRATE JUDGE
HOMELAND SECURITY                                JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTIONS

In this employment discrimination action, plaintiff, Laurie Daniel, brings claims against defendant, Jeh Johnson, Secretary of the United States Department of Homeland Security (the "Secretary"), of a hostile work environment based on sexual harassment and of retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq.  Complaint, Record Doc. No. 1.  This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties.  Record Doc. No. 16.

The Secretary filed a motion for summary judgment on both of plaintiff's claims, supported by excerpts from the deposition testimony of plaintiff and two other witnesses, declarations under penalty of perjury and verified documents.  Record Doc. No. 21.  Daniel filed a motion for partial summary judgment on her sexual harassment claim only, supported by declarations under penalty of perjury, excerpts from the same three witnesses' deposition testimony and verified documents.  Record Doc. No. 25.  Each party filed a timely memorandum in opposition to the other party's motion that included additional exhibits.  Record Doc. Nos. 26, 27.

Daniel concedes in her opposition memorandum that no facts support her retaliation claim. Record Doc. No. 26 at p. 2. Accordingly, defendant is entitled to summary judgment on that claim. Having considered the complaint, the record, the arguments of the parties and the applicable law, IT IS ORDERED that plaintiff's motion for summary judgment is DENIED and that defendant's motion for summary judgment is GRANTED IN PART AND DENIED IN PART, dismissing plaintiff's retaliation claim only, for the following reasons.

I.   STANDARDS OF REVIEW

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56, as revised effective December 1, 2010, establishes new procedures for supporting factual positions:

> (1)  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2)  Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3)  Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.

(4)  Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Thus, the moving party bears the initial burden of identifying those materials in the record that it believes demonstrate the absence of a genuinely disputed material fact, but it is not required to negate elements of the nonmoving party's case.  Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  "[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to [a particular material] fact."  Advisory Committee Notes, at 261.

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  No genuine dispute of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented.  Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must cite to particular evidence in the record to support the essential elements of its claim.  Id. (citing Celotex, 477 U.S. at 321-23); accord U.S. ex rel. Patton v. Shaw Servs., L.L.C., 418 F. App'x 366, 371 (5th Cir. 2011).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial."  Celotex, 477 U.S. at 323; accord U.S. ex rel. Patton, 418 F. App'x at 371.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists."  Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005).  "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original).  "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'"  Nat'l Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or

tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

## II.   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### A.   Plaintiff's Allegations

Daniel brings claims under Title VII for a sexual harassment hostile work environment and retaliation.  Although she moved for partial summary judgment on her hostile work environment claim only, she states expressly in her opposition to defendant's summary judgment motion that she has no facts to support her retaliation claim.  Thus, her only remaining claim is her sexual harassment hostile work environment claim.

Daniel alleges that Kirk Walker, who was her immediate supervisor until April 29, 2013, sexually harassed her in late 2012 and into July 2013 by making sexually oriented comments, remarking about her appearance, implying that he wanted to have a sexual relationship with her, trying on one occasion to kiss her in front of co-workers, calling her after hours and when she was on leave with questions about work, keeping track of her whereabouts, criticizing the amount of time she spent with a male co-worker, spreading false rumors that she was in a romantic relationship with that co-worker, criticizing the amount of time she spent in the gym at work as in excess of workplace policy, and criticizing her work to her new supervisor after Walker was no longer her supervisor.

B.    <u>Plaintiff's Exhibits</u>

Daniel's exhibits in support of her summary judgment motion have some deficiencies.  One exhibit is missing and some exhibits are inadmissible in whole or in part.  First, plaintiff's attorney states in his declaration, Record Doc. No. 25-8, attached to Daniel's memorandum that the exhibits include an affidavit, purportedly Plaintiff's Exhibit G, that Walker signed during the investigation of plaintiff's EEO complaint in 2014.  No such affidavit is attached; instead, a different exhibit is attached twice.  Record Doc. Nos. 25-15, 25-17.  Both parties have submitted excerpts from Walker's deposition testimony and Daniel does not cite to Walker's affidavit in her Statement of Undisputed Material Facts.  Thus, this omitted exhibit is not significant.

Second, plaintiff's answers to interrogatories, Record Doc. No. 25-10, are not verified under oath as required by Fed. R. Civ. P. 33(b)(1)(A) and (b)(3).  Although her attorney alleges in his declaration that Daniel verified her interrogatory answers during her deposition, the deposition excerpts produced to the court contain no such verification.  Daniel's answers to interrogatories are therefore inadmissible and have not been considered, although I note that considering the answers would not change the outcome of this decision.

Third, the so-called "affidavit" of Cynthia Johnson, Record Doc. No. 25-12, that was given during the investigation of plaintiff's EEO complaint, "is not competent summary judgment evidence, because it is not sworn to be true and correct before a public

notary or stated to be true and correct under penalty of perjury." Smith v. Consol. Recreation & Cmty. Ctr., 131 F. App'x 988, 989-90 (5th Cir. 2005) (citing 28 U.S.C. § 1746; Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988)).  I have not considered this exhibit, although I again note that considering it would not change the outcome of this decision.

Finally, the declaration under penalty of perjury of plaintiff's co-worker Sheldon Jones verifies his attached, unsworn "affidavit" given to the EEO investigator, Record Doc. Nos. 25-6 and 25-7, but substantial portions of the affidavit contain inadmissible hearsay.  The court has considered only the admissible portions.

C.    Analysis

To establish a prima facie case of a hostile work environment based on sexual harassment under Title VII,

> plaintiff must show that "1) she belongs to a protected class; 2) she was subjected to unwelcome sexual harassment; 3) the harassment was based on sex; 4) the harassment affected a term, condition or privilege of employment; and 5) the employer knew or should have known of the harassment and failed to take remedial action."

Smith v. Touro Infirmary, 642 F. App'x 338, 342 (5th Cir. 2016) (quoting Septimus v. Univ. of Houston, 399 F.3d 601, 611 (5th Cir. 2005)); accord Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 401 (5th Cir. 2013).  If "'the harassment is allegedly committed by a supervisor with immediate or successively higher authority, the plaintiff employee needs to satisfy only the first four of the elements listed above.'" Parker v. La.

Dep't of Special Educ., 323 F. App'x 321, 325 (5th Cir. 2009) (quoting Celestine v.

Petroleos de Venezuella SA, 266 F.3d 343, 353 (5th Cir. 2001)).

       Under Title VII, an employer's liability for workplace harassment depends on the status of the harasser:

> If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions.  In cases in which the harasser is a "supervisor," however, different rules apply.  If the supervisor's harassment culminates in a tangible employment action, the employer is strictly liable.  But if no tangible employment action is taken, the employer may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided.

Equal Emp'mt Opportunity Comm'n v. Boh Bros. Constr. Co., 731 F.3d 444, 452-53 (5th

Cir. 2013) (quoting Vance v. Ball State Univ., 133 S. Ct. 2434, 2439 (2013)); accord

Spencer v. Schmidt Elec. Co., 576 F. App'x 442, 446 (5th Cir. 2014) (citing Vance, 133

S. Ct. at 2439; Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998); Faragher v. City

of Boca Raton, 524 U.S. 775 (1998)).

       In order to affect a term, condition, or privilege of employment, the harassment complained of must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.  To determine whether conduct is severe or pervasive, courts look to the totality of the circumstances.  Relevant factors include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

Smith, 642 F. App'x at 342 (quotations omitted) (citing Harris v. Forklift Sys., Inc., 510

U.S. 17, 21 (1993); Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 651 (5th Cir. 2012);

Stewart v. Miss. Transp. Comm'n, 586 F.3d 321, 330 (5th Cir. 2009)).

Plaintiff absurdly argues that the Secretary failed to plead and therefore waived his

Ellerth/Faragher affirmative defense because his answer cites the two prongs of the

defense in two separate paragraphs.  Record Doc. No. 14 at pp. 4-5.  Defendant's answer

complies with the notice pleading requirements of Fed. R. Civ. P. 8(b)(1) and (c) and

plainly puts Daniel on notice of the Secretary's affirmative defense.

The record evidence regarding plaintiff's hostile work environment claim shows

that material fact issues are in dispute.  The testimony includes the following.  Daniel

testified that Walker made crude jokes at work, but she ignored them until about

November and December 2012, when it seemed that Walker became more focused on her.

She said he began commenting on her appearance to her and other employees.  She stated

that, when Walker heard her discussing with a co-worker that she and her husband were

having difficulty conceiving a child, Walker offered to "help" her get pregnant.  Plaintiff

testified that Walker tried to recruit her as an undercover agent over a three- to four-

month period, during which he told her four times that becoming an undercover agent

would allow the two of them to get together and he once said they could meet at a hotel.

She testified that Walker spread a rumor that she was having an affair with her friend and

co-worker, Sheldon Jones, although Walker told her once that he did not believe that she

and Jones were having an affair. Daniel testified that Walker tried to kiss her in March 2013 in front of Jones and that Walker was six inches from her face, but she backed away before he touched her. Jones stated in his verified affidavit that Walker was almost close enough to touch plaintiff's face during that incident. Daniel said she occasionally complained to Walker about his comments, but he then became more critical about her work and the amount of time she spent with Jones in the office and the workplace gym. She stated that Walker called her on multiple occasions, at least twice a month, after work hours or when she was on leave, to find out where she was or ask her a question. She testified that, after April 2013, when he was no longer her supervisor, he asked her daily whether she missed him. Plaintiff admitted that Walker did not communicate with her at all after she complained to upper management about him on June 13, 2013. She said she saw him across the office near her cubicle once in early July 2013, but did not approach him. Daniel felt that Walker's continued presence in the office until he left on August 1, 2013 for a 90-day assignment in Mississippi was harassing, particularly when he came in to use areas where she was "already established," such as the lunch room or the gym, even though he did not speak to her.

Walker's deposition testimony confirms plaintiff's testimony in some respects and contradicts it in others. He testified that he had used vulgar language and made sexual jokes at work. He recalled commenting on Daniel's appearance to her and other employees a couple of times. He admitted making comments to Daniel implying that he

10

wanted to have a sexual relationship with her, including his comment about helping her get pregnant, which he had repeated to a male co-worker.  He admitted asking Daniel to kiss him in front of Jones.  However, Walker said he was five feet away from plaintiff and denied that he was close to her face.  He said he asked the question just to irritate Jones and then asked Jones whether he was jealous.  Walker testified that he twice asked Daniel, "When are we going to hook up?," which he admitted had a sexual connotation.  He denied telling plaintiff he wanted to get a hotel room with her.  He said he asked her whether she missed him only one time after he was no longer her supervisor.  He stated that he intended all of these comments and actions as jokes.  Walker testified that he told Daniel once that he did <u>not</u> think that she was having an affair with Jones, but that other people thought so.  He denied telling other employees that Daniel and Jones were having an affair.  Walker testified that he advised plaintiff to spend less time with Jones because Walker's own supervisor had noticed that Daniel and Jones spent more time in the gym than policy allowed and had asked Walker to handle it.  Walker said he was frustrated that plaintiff and Jones spent a lot of time together because he thought Daniel was not paying enough attention to her own work.  He stated that he made joking comments whenever he found Daniel and Jones together at her cubicle.

"It is axiomatic that the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  <u>Davis v. Davis</u>, 826 F.3d 258, 264 (5th Cir. 2016) (quotations omitted) (citing <u>Tolan v. Cotton</u>, 134 S. Ct. 1861, 1863

(2014); <u>Anderson</u>, 477 U.S. at 255).  Evaluating the evidence and drawing all justifiable inferences in favor of the non-movant defendant in this case, material fact issues remain in dispute that preclude summary judgment in plaintiff's favor on her hostile work environment claim.  These include but are not limited to whether Walker was plaintiff's "supervisor" before April 29, 2013 for purposes of Title VII liability; whether Walker subjected Daniel to unwelcome sexual harassment; whether his actions of which Daniel complains were based on her sex; if so, whether, in the totality of the circumstances, the harassment was sufficiently severe or pervasive to alter the conditions of Daniel's employment and create an abusive working environment; if so, whether, at any time when Walker was <u>not</u> plaintiff's supervisor, the Secretary knew or should have known of Walker's harassment and failed to take remedial action; if Walker was Daniel's supervisor for Title VII purposes, whether defendant exercised reasonable care to prevent and correct any harassing behavior by Walker; and whether Daniel unreasonably failed to take advantage of the preventive or corrective opportunities that defendant provided. Resolution of some of these questions will require the factfinder to make credibility determinations, which the court cannot make on a summary judgment motion.  <u>Anderson</u>, 477 U.S. at 255; <u>Turner v. Kan. City S. Ry.</u>, 675 F.3d 887, 891-92 (5th Cir. 2012).

Accordingly, plaintiff's motion for partial summary judgment on her sexual harassment hostile work environment claim is denied.

II.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Secretary moves for summary judgment on both of Daniel's claims of a hostile work environment based on sexual harassment and retaliation.  Plaintiff concedes in her opposition  memorandum that no facts support her retaliation claim.  Thus, defendant's motion for summary judgment is granted as to that claim.

As to plaintiff's hostile work environment claim, the Title VII provision applicable to federal employers provides that "[a]ll personnel actions affecting employees . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a) (emphasis added).  The Secretary argues first that federal employees may only bring discrimination claims arising from a personnel action that is an "ultimate employment decision," such as hiring, firing or promoting, none of which occurred in the instant case.  See Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995) (citation omitted) (in a case by a federal employee alleging sex and race discrimination and retaliation, but not a hostile work environment, holding that "Title VII was designed to address ultimate employment decisions . . . such as hiring, granting leave, discharging, promoting, and compensating").[1]

_____

[1] In Burlington N. & Sante Fe Ry. v. White, 548 U.S. 53, 67 (2006), the Supreme Court "rejected [the Fifth] Circuit's decisions limiting actionable retaliation to so-called ultimate employment decisions."  Drake v. Nicholson, 324 F. App'x 328, 331-32 (5th Cir. 2009) (quotation omitted) (emphasis added).  The Burlington N. case did not address or overrule the ultimate employment decision test with respect to discrimination claims.

In support of this argument, defendant cites only one unpublished, non-binding, and unpersuasive Fifth Circuit decision that applied the ultimate employment decision test to a hostile work environment claim brought under 42 U.S.C. § 2000e-16(a).  The other cases that the Secretary cites are inapposite as they did not involve hostile work environment claims.

In Desdunes v. U.S. Dep't of Army, 159 F.3d 1357, 1998 WL 699392 (5th Cir. Sept. 25, 1998), the Fifth Circuit affirmed summary judgment for defendant, finding that plaintiff had "failed to offer any evidence to show that she could have proven discrimination, retaliation, or the existence of a hostile work environment" when the "actions of which she complained involved discrete, isolated incidents."  Id. at *2-3. Specifically, she complained that she did not receive the highest level of performance review; was retaliated against because of her involvement in the EEO process; was forced to take a course in which she performed badly; was slandered by her supervisor; "and that each of these incidents resulted from discrimination based on her race."  Id. at *3.  Noting that "Desdunes's complaints closely track the plaintiff's complaints in Dollis, where we found no adverse personnel action to exist," id., the Fifth Circuit held that Desdunes's allegations "do not rise to the level of ultimate, adverse employment decisions required by Title VII because no employment action was ever taken against her."  Id. at *3. However, in lumping together Desdunes's discrimination, retaliation and hostile work environment claims and comparing her allegations to those in Dollis, the Fifth Circuit

14

failed to acknowledge that <u>Dollis</u> was <u>not</u> a hostile work environment case.  The appeals court did not consider whether sufficient allegations of an ongoing hostile work environment in a different case might warrant a different analysis than <u>Dollis</u>.  <u>See</u> <u>Desdunes v. West</u>, No. 96-3625, 1997 WL 736696, at *6 (E.D. La. Nov. 24, 1997), <u>aff'd</u> <u>sub nom.</u> <u>Desdunes v. U.S. Dep't of Army</u>, 159 F.3d 1357 (5th Cir. 1998) (In granting summary judgment, the district court held that the allegations of Desdunes's hostile work environment claim "at best are hardly equivalent to the utterance of a racial epithet.").

The Secretary accurately states that neither the Supreme Court nor the Fifth Circuit has held that 42 U.S.C. § 2000e-16(a) <u>allows</u> a hostile work environment claim based on actions that do not include ultimate employment decisions.  However, neither court has ever held that a federal employee <u>cannot</u> bring such a claim.  By definition, non-quid pro quo, "[s]exually hostile environment cases involve 'patterns or allegations of extensive, long lasting, unredressed, and uninhibited sexual threats or conduct that permeated' the plaintiff's work environment," not tangible employment actions.  <u>Hyde v. Graebel/New Orleans Movers, Inc.</u>, No. 98-3126, 1999 WL 335385, at *3 (E.D. La. May 25, 1999) (quoting <u>Indest v. Freeman Decorating, Inc.</u>, 164 F.3d 258, 264 (5th Cir. 1999)); <u>accord</u> <u>Smith v. DeTar Hosp. LLC</u>, No. V-10-83, 2012 WL 2871673, at *16 (S.D. Tex. July 11, 2012) (citing <u>Pa. State Police v. Suders</u>, 542 U.S. 129 (2004); <u>Indest</u>, 164 F.3d at 264).  District courts in the Fifth Circuit have applied the standard hostile work environment and <u>Ellerth/Faragher</u> affirmative defense analysis to cases brought by federal employees that

did not involve tangible employment actions, albeit without ever raising the question whether the provision of Title VII applicable to such employees requires a different analysis.  E.g., Duhe v. U.S. Postal Serv., No. 03-746, 2004 WL 439890, at *12 (E.D. La. Mar. 9, 2004); Slay v. Glickman, 137 F. Supp. 2d 743, 750 (S.D. Miss. 2001).  In the absence of clear, binding precedent from the Supreme Court or Fifth Circuit that 42 U.S.C. § 2000e-16(a) precludes a federal employee from bringing a claim that the Supreme Court has recognized under the private sector provisions of Title VII since 1986, Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66 (1986), I conclude that Daniel can bring her hostile work environment claim.

Evaluating the evidence in support of defendant's motion and drawing all justifiable inferences in favor of the non-movant plaintiff, Tolan, 134 S. Ct. at 1863; Anderson, 477 U.S. at 255; Davis, 826 F.3d at 264, material fact issues remain in dispute that preclude summary judgment in defendant's favor.  These include but are not limited to the same material fact issues listed above in connection with plaintiff's motion for partial summary judgment.

<u>CONCLUSION</u>

For all of the foregoing reasons, **IT IS ORDERED** that plaintiff's motion for partial summary judgment is DENIED.

For all of the foregoing reasons, **IT IS FURTHER ORDERED** that defendant's motion for summary judgment is GRANTED IN PART in that plaintiff's retaliation claim is DISMISSED WITH PREJUDICE.  The motion is denied in all other respects.

Trial on plaintiff's claim of sexual harassment hostile work environment will proceed before a jury as scheduled on November 7, 2016 at 8:30 a.m., with a final pretrial conference set for October 20, 2016 at 2:00 p.m.  Counsel must be prepared in accordance with the pretrial notice in the record.

New Orleans, Louisiana, this ____5th____ day of October, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE